ANTHONY SALKELD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Salkeld v. Commissioner
Docket No. 5569-94
United States Tax Court
T.C. Memo 1994-485; 1994 Tax Ct. Memo LEXIS 503; 68 T.C.M. (CCH) 846; October 5, 1994, Filed *503 An order of dismissal for lack of jurisdiction will be entered. Anthony Salkeld, pro se. For respondent: Audrey M. Morris and Jordan S. Musen. DAWSON, ARMEN
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Robert N. Armen, Jr., pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE ARMEN, Special Trial Judge: This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. The issue for decision is whether Anthony Salkeld filed his petition for redetermination within the 90-day period prescribed in sections 6213(a) and 7502. Background
On December 23, 1993, respondent mailed notices of deficiency to petitioner at *504 four different addresses. In the notices, respondent determined deficiencies in petitioner's Federal income taxes, as well as additions to tax and a penalty, for the taxable years 1987, 1988, and 1989. There is no dispute regarding the date of mailing of the notices of deficiency nor does petitioner contend that the notices were mailed to him at other than his last known address. The 90-day period for filing a petition with this Court expired on Wednesday, March 23, 1994. Petitioner filed a petition for redetermination with this Court on Monday, April 4, 1994, which date is 102 days after the mailing of the notices of deficiency. The petition was mailed to the Court in a properly addressed envelope bearing a private postage meter postmark date of Tuesday, March 22, 1994. The petition was mailed from Ft. Worth, Texas. [2] The ordinary delivery time for a properly addressed envelope from Ft. Worth, Texas, to Washington, D.C., is 3 days. *505 Respondent bases the Motion to Dismiss for Lack of Jurisdiction on the ground that petitioner failed to file his petition within the time prescribed by sections 6213(a) and 7502. Petitioner filed a response to respondent's motion to dismiss and states therein that, to the best of his knowledge, he mailed the petition on Wednesday, March 23, 1994. More specifically, petitioner states that he went to the post office on March 23, 1994, purchased a money order in the amount of $ 60 (to cover his filing fee), placed the money order in an envelope previously addressed to this Court, and deposited the envelope in the mail for delivery by the Postal Service. [3]
A hearing was held on this matter in Washington, D.C., on August 24, 1994. Counsel for respondent appeared at the hearing and presented argument on the motion. Although petitioner *506 did not appear at the hearing, he did file a statement with the Court pursuant to Rule 50(c). This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and the filing of a timely petition. Rule 13(a), (c); ; ; . Once the Commissioner mails a notice of deficiency to the taxpayer at the taxpayer's last known address, section 6213(a) provides that the taxpayer must file a petition with this Court within 90 days (or 150 days if the notice of deficiency is addressed to a taxpayer outside of the United States). In certain circumstances, section 7502 provides that a timely mailed petition will be treated as though it were timely filed. Where, as here, the postmark in question is made by a private postage meter, the provisions implementing the "timely mailing/timely filing" rule are contained in section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs. That section provides in pertinent part as *507 follows: (b) If the postmark on the envelope or wrapper is made other than by the United States Post Office, (1) the postmark so made must bear a date on or before the last date, or the last day of the period, prescribed for filing the document, and (2) the document must be received by the agency, officer, or office with which it is required to be filed not later than the time when a document contained in an envelope or other appropriate wrapper which is properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the United States Post Office on the last date, or the last day of the period, prescribed for filing the document. However, in case the document is received after the time when a document so mailed and so postmarked by the United States Post Office would ordinarily be received, such document will be treated as having been received at the time when a document so mailed and so postmarked would ordinarily be received, if the person who is required to file the document establishes (i) that it was actually deposited in the mail before the last collection of the *508 mail from the place of deposit which was postmarked (except for the metered mail) by the United States Post Office on or before the last date, or the last day of the period, prescribed for filing the document, (ii) that the delay in receiving the document was due to a delay in the transmission of the mail, and (iii) the cause of such delay. * * * [Emphasis added.]
The validity of these regulations has been upheld. , affg. ; , affg. . In the instant case, the envelope in which the petition was mailed bears a private postage meter postmark date of Tuesday, March 22, 1994, a date 89 days after the mailing of the notice of deficiency. Petitioner asserts that he actually placed the envelope in the mail on Wednesday, March 23, 1994, a date 90 days after the mailing of the notice of deficiency. However, the envelope was not received by the Court until Monday, April 4, 1994. Petitioner does not dispute that the 12 *509 days that expired between the purported mailing date and the date that the envelope was delivered to the Court far exceed the normal mailing time of 3 days for mail between Ft. Worth, Texas, and Washington, D.C. Consequently, under section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., petitioner must establish that he actually deposited the envelope containing the petition in the mail in a timely fashion, that the delay in receiving the envelope was due to a delay in the transmission of the mail, and the cause of such delay. Based on the record presented, we hold that petitioner has failed to satisfy his burden of proof. In the first instance, petitioner did not present adequate proof that the envelope bearing the petition was timely deposited in the U.S. mail. The proof submitted on this point is limited to petitioner's statement and a copy of the receipt for the Postal Service money order. Unfortunately, the date appearing on the money order receipt is insufficient to prove the date or time that the envelope containing the petition was placed in the mail. Moreover, we are unwilling to accept uncritically petitioner's statement regarding the date of mailing in view *510 of the discrepancy between his statement and the private postmeter date appearing on the envelope. Under these circumstances, we are unable to conclude that the envelope actually entered the U.S. mail system on or before March 23, 1994. Furthermore, there is no evidence in the record demonstrating that the delay in receiving the envelope was due to a delay in the transmission of the mail or the cause of such delay. Consistent with the foregoing, petitioner cannot avail himself of the relief provided in section 7502. Sec. 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs. Because his petition was not timely filed under section 6213(a) or section 7502, respondent's Motion to Dismiss for Lack of Jurisdiction will be granted. An order of dismissal for lack of jurisdiction will be entered. Footnotes
1. Section references are to the Internal Revenue Code as amended unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner resided at Ft. Worth, Texas, at the time the petition was filed.↩
3. Attached to petitioner's response is a receipt showing that on March 23, 1994, petitioner purchased for $ 60 a U.S. Postal Service money order made payable to the U.S. Tax Court.↩